# Wytheville

JAMES A. SCOTT V. LEWIS E. LICHFORD AND OTHERS.

June 13, 1935.

Present, All the Justices.

The opinion states the case.

*Edward J. Hotchkiss, Jr.,* for the appellant.

*T. G. Hobbs,* for the appellees.

CAMPBELL, C. J., delivered the opinion of the court.

The appellant, a citizen and taxpayer of the city of Lynchburg, filed his bill of complaint, seeking to enjoin the issuance of $320,000 of bonds of the city of Lynchburg which were ordered issued by the city council for the purpose of refunding an outstanding indebtedness of the city.

The cause was heard upon bill and answer, and there was a final decree dismissing the bill as without equity, from which this appeal was allowed.

The material allegations of the bill as summarized in the petition are:

" * * * that petitioner was a citizen and taxpayer of the city of Lynchburg; that by ordinance adopted August 13, 1934, the council of the city of Lynchburg authorized the issuance of $320,000 of bonds of the said city for the purpose of funding certain floating indebtedness of said city; that the council of said city has no authority or right, for the purposes set forth in said ordinance, to cause to be issued said bonds and that the issuance of said bonds would be il-

legal and a contravention of the laws of Virginia and if issued might be obligations of said city which would impose a burden upon the taxpayers of said city, including petitioner, by the imposition of illegal taxes to pay said bonds, or other injuries to the taxpayers of said city and petitioner; no part of said city's indebtedness sought to be funded by the issuance of said bonds was created prior to June 19, 1928, and, therefore, the council of said city has no authority to authorize the issuance of said bonds and the treasurer of said city has no authority to sell said bonds if issued, and if issued and sold, said bonds would not be valid obligations of the said city."

The answer of the defendants admits that no part of the indebtedness which it is sought to fund was incurred prior to June 19, 1928.

Defendants contend that the city council derives its authority to issue said bonds from section 44 of the city charter, which reads as follows:

"The council may, in the name and for the use of the city, contract debts and cause to be issued therefor notes or bonds; but no debt of the city shall be payable more than thirty-four years from the date thereof; provided that the council shall not have power to contract debts for the city or issue evidences therefor, whether notes or bonds for sums which, when added to the net debt of the city then existing after the deduction of sinking funds and all bonds issued for or allocated to the water department, shall cause the total amount of the indebtedness of the city to be greater than sixteen per centum of the value of the real and personal estate, which shall include all capital on which a license is paid in the city as assessed for taxation, either by the State or the city; provided, however, that in determining the limitation of the power of the city to incur indebtedness there shall not be included the classes of indebtedness mentioned in subsections (a) and (b) of section one hundred and twenty-seven of the Constitution of the State; and provided, further, that the council shall not contract debts or issue any evidence thereof for the purpose of subscribing

to the capital stock of any internal improvement company or private corporation, nor shall it cause the bonds of any such company to be endorsed by the city, and the council shall provide for the retirement of said bonds either by sinking funds as hereinafter provided, or it may cause said bonds to be issued as serial bonds to be retired periodically as provided by the ordinance authorizing the same from the current revenues of the city, in which case no sinking fund shall be provided." Acts of Assembly 1928, chapter 343, page 899.

Appellant contends that section 3090a of the Code of 1930 repeals by implication section 44 of the city charter and provides the only authority whereby the city may fund, refund or redeem existing indebtedness. The pertinent provision of 3090a reads as follows: "The council of any such city or town shall also have the right and authority to issue new bonds, or certificates of indebtedness, for the purpose of funding, refunding or redeeming any outstanding certificates or other form of obligations, issued for any indebtedness of such city or town which was incurred prior to June nineteenth, nineteen hundred twenty-eight, such bonds or new certificates to be issued, so far as may be practicable, in conformity with the foregoing provisions concerning issuing new bonds."

Counsel for appellant concede that there is no express repeal of the charter provisions of the city by section 3090a. Hence, it follows that there must be strong indications of an intention to repeal by implication.

■■ Repeal by implication is not favored and the firmly established principle of law is, that where two statutes are in apparent conflict, it is the duty of the court, if it be reasonably possible, to give to them such a construction as will give force and effect to each. 36 Cyc. 1146.

In *Kirkpatrick* v. *Board of Supervisors of Arlington County*, 146 Va. 113, 136 S. E. 186, 190, it is held that there may be both a general and a special act referring to the same matter, the court saying: "It is a well settled principle of law, that where two statutes are in apparent con-

flict, they should be so construed, if reasonably possible, so as to allow both to stand and to give force and effect to each. 36 Cyc. 1146, citing many cases.

\* \* \* \* \* \* \* \*

"The doctrine that a special act should be construed as an exception to the general law is not to be invoked unless the two acts cannot be harmonized or reconciled in any other way. There are a number of instances in Virginia where general acts and special acts apply in the same county at the same time. See *Ferguson* v. *Board of Supervisors,* 133 Va. 561, 113 S. E. 860."

In McQuillin on Municipal Corporations, section 875, the rule is stated as follows: "Where a contrary intention is not manifest, the general rules relating to repeals by general laws of charter and ordinance provisions and legislative acts applicable to municipal corporations, which, in effect become constituent parts of their charters, may be thus summarized:

"1. Constructive repeals or repeals by implication are not favored.

"2. A later statute which is general does not repeal a former one that is particular unless negative words are used, or the acts are so entirely inconsistent that they cannot stand together. Thus laws existing for the benefit of particular municipalities ordinarily are not repealed by general laws relating to the same subject-matter. Stated in different phrase, where the subsequent general law and prior special law, charter or ordinance provisions do not conflict, they both stand, but this result must depend, of course, upon the legislative intent which is to be ascertained from an examination and comparison of the whole course of legislation relating to the subject under consideration."

See also, *State* v. *Peter*, 101 Minn. 462, 112 N. W. 866; *Buffalo Cemetery Ass'n* v. *City of Buffalo*, 118 N. Y. 61, 22 N. E. 962; *Rogers* v. *Bass & Harbour Co.*, 64 Okla. 321, 168 Pac. 212.

In *South & Western Ry. Co.* v. *Commonwealth*, 104 Va. 314, 51 S. E. 824, 826, Judge Buchanan said: "An-

other rule of construction is that where there are two statutes, the earlier special and the latter general, the terms of the general broad enough to include the matter provided for in the special, the fact that one is special and the other general creates a presumption that the special is to be considered as remaining an exception to the general, and that the general will not be considered as repealing the special unless the provisions of the general are manifestly inconsistent with those of the special. Sedgwick on Construction of Statutes, etc., page 97, and note; Sutherland on Construction of Statutes, sections 152, 153; 26 Am. & Eng. Ency. of Law (2d Ed.) 739, 740; *Commonwealth* v. *R. & P. R. R. Co.*, 81 Va. 355, 367, 368."

When we consider the fact that the legislature was cognizant of section 3091 of the Code, it is manifest that the legislature did not intend by implication to repeal section 44 of the charter of the city of Lynchburg. That section reads: "Nothing in this chapter shall repeal, amend, impair or in any wise affect any special rights, privileges, restrictions or limitations now contained in any city or town charter of this Commonwealth, or in any act or acts amendatory thereof."

Counsel for appellees made the contention before the lower court, and here contend, that section 3090a is a general act which affords to municipalities which have not the charter right to fund or refund its bonds, the right to proceed under that section of the Code to fund or refund its bonds; that, so far as the city of Lynchburg is concerned, the legislative intention was to confer upon it a cumulative power under the general law, in addition to those powers which it had under its charter provisions.

In that contention of counsel we fully concur.

The conclusion reached does not impinge upon the doctrine of *Beale* v. *Pankey*, 107 Va. 215, 57 S. E. 661, 12 Ann. Cas. 1134, which is relied upon by appellant.

The decree of the trial court adjudging that there is no repugnance in the two acts is affirmed.

*Affirmed.*