Present: Hassell, C.J., Lacy, Keenan, Koontz, Kinser, and
Lemons, JJ., and Compton,[*] S.J.

OLUDARE OGUNDE                          OPINION BY
                            SENIOR JUSTICE A. CHRISTIAN COMPTON
        v.  Record No. 050212              April 21, 2006

COMMONWEALTH OF VIRGINIA

          FROM THE CIRCUIT COURT OF GREENSVILLE COUNTY
                    W. Allan Sharrett, Judge

        The dispositive question in this appeal is whether the

trial court erred in ruling that an action filed by a prisoner

under the Virginia Tort Claims Act (the Act), Code §§ 8.01-

195.1 to -195.9, is governed by the statute of limitations

applicable to persons confined in state correctional

facilities, as set forth in Code § 8.01-243.2, and not by the

statute of limitations prescribed by Code § 8.01-195.7 for

actions brought under the Act.

        Plaintiff Oludare Ogunde is an inmate incarcerated at the

Greensville Correctional Center in Jarratt.  In August 2004,

he filed this action under the Act against the Commonwealth

alleging that the Commonwealth's employees negligently

assigned him to an upper bunk bed and, in December 2002,

ordered him to climb down from the bed for roll call when they

knew, or should have known, that he had an injured knee and

could fall.  He further alleges that as the result of the

---

[*] Senior Justice Compton participated in the hearing and
decision of this case before his death on April 9, 2006.

employees' negligence, he fell and injured his back, for which he seeks recovery in damages.

The plaintiff timely filed the notice of claim required by Code § 8.01-195.6 of the Act, and likewise timely filed this action under the Act's statute of limitations, Code § 8.01-195.7.

The Commonwealth filed a plea of the statute of limitations, contending that the action was untimely and was barred under Code § 8.01-243.2 (the inmate statute), which limits the time that persons confined in correctional facilities may bring actions pertaining to conditions of their confinement.  The trial court sustained the plea and dismissed the action.  The plaintiff appeals.

The inmate statute, § 8.01-243.2, provides:

"No person confined in a state or local correctional facility shall bring or have brought on his behalf any personal action relating to the conditions of his confinement until all available administrative remedies are exhausted.  Such action shall be brought by or on behalf of such person within one year after [the] cause of action accrues or within six months after all administrative remedies are exhausted, whichever occurs later."

The Act's statute of limitations, § 8.01-195.7, provides, as pertinent:  "Every claim cognizable against the Commonwealth" under the Act "shall be forever barred, unless within one year after the cause of action accrues to the claimant the notice of claim required by § 8.01-195.6 is

2

properly filed."  The statute of limitations then refers to certain time limits for available administrative remedies and provides:  "All claims against the Commonwealth" under the Act "shall be forever barred unless such action is commenced within eighteen months of the filing of the notice of claim."

The Act refers to claims filed by inmates and provides that an inmate must first exhaust administrative remedies. Code § 8.01-195.3, in subparagraph (7), requires "[a]ny claim by an inmate of a state correctional facility" to be excluded from the Act unless the claimant verifies under oath "that he has exhausted his remedies under the adult institutional inmate grievance procedures promulgated by the Department of Corrections."

Subparagraph (7) further provides:  "The time for filing the notice of tort claim shall be tolled during the pendency of the grievance procedure."

The question in this case then becomes:  When there are two potentially applicable statutes of limitations, which statute applies to an inmate's claim under the Act?  There is no dispute that if the Act's statute of limitations applies, this action was timely filed; if the limitation of the inmate statute applies the trial court's ruling was correct.

On behalf of the Commonwealth, the Attorney General contends that the inmate statute applies.  He relies on the

rule of statutory construction "that when one statute speaks to a subject in a general way and another deals with a part of the same subject in a more specific manner, the two should be harmonized, if possible, and where they conflict, the latter prevails." Virginia Nat'l Bank v. Harris, 220 Va. 336, 340, 257 S.E.2d 867, 870 (1979). He argues that the inmate statute is more specific as it applies only to prisoners while the Act applies generally to all plaintiffs.

Continuing, the Attorney General says that both statutes are clear and unambiguous and that they can be read harmoniously in the following manner. He notes that the purpose of the Act is to carve out an exception to the doctrine of sovereign immunity to allow citizens injured by state employees' negligence to sue the Commonwealth. He says that the Act provides relief generally to those coming within its purview so long as they otherwise comply with the procedures prescribed in the Act, including those in subparagraph (7) above. On the other hand, according to the Attorney General, the inmate statute specifically applies when "the plaintiff is a prisoner and the subject matter relates to the conditions of his confinement."

Finally, the Attorney General contends that a later enacted statute prevails over an earlier one with which it conflicts. The Act was adopted in 1981. 1981 Acts ch. 449.

4

The inmate statute was enacted in 1998. 1998 Acts ch. 596. According to the Attorney General, the legislature was "well aware" of the Act's provisions when it enacted the inmate statute in 1998. Thus, he maintains, "the intent of the General Assembly was to carve out of the Act a more restrictive statute of limitations where the plaintiff was a prisoner suing over the conditions of his confinement."

We do not agree with the Attorney General's several arguments. At the outset, it should be noted that in the view we take of the case we do not reach for decision the question whether this inmate's action involving allegedly negligent conduct of state employees relates to "the conditions of his confinement," as that phrase is used in the inmate statute. For the purposes of this discussion, we will assume, without deciding, that this action does relate to conditions of confinement.

The trial court's ruling regarding which statute of limitations applies was based upon the pleadings and presents a pure question of law to be reviewed de novo by this Court. Wilby v. Gostel, 265 Va. 437, 440, 578 S.E.2d 796, 798 (2003). It is elementary that when construing a statute, courts must ascertain and give effect to the legislature's intention. Chase v. DaimlerChrysler Corp., 266 Va. 544, 547, 587 S.E.2d 521, 522 (2003). In determining that intent, the plain

language of an unambiguous statute will be applied.  Brown v. Lukhard, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985).  And, rules of statutory construction will be used by the courts to harmonize enactments when the plain language of two statutes apparently conflict.  See Boynton v. Kilgore, 271 Va. 220, 227, 623 S.E.2d 922, 926 (2006).

Employing these settled principles, we hold that the Act's statute of limitations applies to this inmate's tort action seeking recovery in damages for the ordinary negligence of state employees.

The Act is self-contained, incorporating its own statute of limitations, which likewise is self-contained.  The Act's limited waiver of sovereign immunity is set forth in § 8.01-195.3.  There, the limited circumstances in which a litigant can sue the Commonwealth are described.  Subparagraph (7) of that section refers specifically to "[a]ny claim" filed by inmates, and requires the inmate to first exhaust administrative remedies.

Significantly, the second sentence of subparagraph (7) tolls, during the pendency of the grievance (administrative) procedure, the time for filing the notice of the tort claim. If the inmate statute were to apply here, its final sentence, fixing the time limit for filing suit, would impliedly repeal the second sentence of subparagraph (7) by potentially

6

eliminating the tolling provision, as the Attorney General properly concedes.

We will not attribute to the General Assembly an intention to impliedly repeal the tolling provided in subparagraph (7). "The implied repeal of an earlier statute by a later enactment is not favored. There is a presumption against a legislative intent to repeal where the later statute does not amend the former or refer expressly to it." Sexton v. Cornett, 271 Va. 251, 257, 623 S.E.2d 898, 901 (2006). Obviously, the inmate statute does not amend the Act nor does it refer expressly to it.

These intersecting statutes can be harmonized. As the plaintiff observes, the inmate statute is not limited to tort actions. It may cover, for example, declaratory judgment actions, suits for injunctive or other equitable relief, and mandamus petitions, so long as they relate to the conditions of the prisoner's confinement. The inmate statute deals with all classes of litigation. On the other hand, the narrower Act applies to one type of litigation, tort actions against the Commonwealth. Even if the tort action relates to conditions of confinement, the Act nonetheless applies.

Consequently, we conclude that the trial court erred in sustaining the plea of the statute of limitations and in

dismissing the action.  The judgment appealed from will be reversed and the case will be remanded for further proceedings.

<u>Reversed and remanded</u>.