COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Petty and Senior Judge Bumgardner
Argued at Richmond, Virginia


ANNE G. SHROPSHIRE

                                                             OPINION BY
v.        Record No. 3188-05-2              JUDGE ROBERT P. FRANK
                                                             JULY 25, 2006

VIRGINIA RETIREMENT SYSTEM


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                            Melvin R. Hughes, Jr., Judge

            William F. Seymour, IV (Mark W. Barnard; Cherry, Seymour &
            Hundley, P.C., on briefs), for appellant.

            Brian J. Goodman, Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        Anne G. Shropshire, appellant, appeals from a judgment of the trial court which affirmed

the decision of the Virginia Retirement System (VRS) denying survivor and/or other retirement

benefits upon the death of her husband, Jonah Thomas Shropshire, retiree.  Appellant contends

that VRS, disregarding its own policies and procedures, violated the spousal notice provisions of

Code § 51.1-165.1 and that the trial court erred in finding appellant's requested relief to be

speculative and unattainable.  For the reasons stated, we affirm the decision of the trial court

denying appellant the survivor and retirement benefits she seeks.

                                        BACKGROUND

        The relevant facts are not in dispute.

        Appellant and retiree married on August 18, 1964.  Although the couple separated in

1990, neither party filed divorce proceedings, nor had the parties entered into a property

settlement agreement. Appellant and retiree remained married until retiree's death on May 23, 2004.

Retiree began employment with the Commonwealth of Virginia in 1971. At that time, retiree submitted to VRS a "Member Informational Report" in which he indicated that he was married to appellant and designated appellant as the beneficiary of his retirement benefits in the event of his death. The beneficiary designation allowed the individual selected by retiree to receive the amount of contributions accumulated in the retiree's retirement account upon retiree's death before or after the time of retirement. In 1992, while still actively employed with the Commonwealth, retiree submitted a "Beneficiary Change Form" to VRS. On that form, retiree changed the primary beneficiary of his accumulated retirement benefits to his adult son.

On November 21, 2000, retiree applied to VRS to receive his retirement benefits. Retiree completed, under oath, an "Application for Service Retirement." On that application, retiree misrepresented his marital status as "Divorced." When selecting a "Retirement Payment Option," retiree chose the "Basic Benefit," which is a lifetime retirement benefit paid only to retiree. This selection does not provide for any payments to designated beneficiaries or survivors upon retiree's death.[1] Paragraph 21 of the application requires spousal acknowledgement, where applicable, of the payment option selected by retiree.[2] This section of retiree's application was blank.

---

[1] Retiree had the ability, at the time of his retirement, to select a retirement option that would have paid retirement benefits to his designated beneficiary after his death. Retiree chose instead to receive the entirety of his retirement contributions during his lifetime, reserving nothing for his survivors upon his death.

[2] The statement of Paragraph 21, which is to be signed by the spouse, provides:

> I have read and I understand the retirement payment options available under VRS which are explained in the "Guidelines to Retirement" and the VRS *Handbook for Members*. I am aware of and understand the retirement payment option selected by my

Appellant was not aware that retiree had applied for retirement benefits from VRS, that retiree had misrepresented his marital status on his application, or that retiree had selected a payment option that did not provide for survivor benefits.

Shortly after retiree's death, appellant sought to claim survivor and/or any other benefits from VRS. In response, VRS summarily denied her claim. Appellant appealed this denial to VRS, which conducted a fact-finding proceeding before a hearing officer. Appellant argued that, as a result of the failure to notify her of retiree's selection of a payment option that provided no survivor benefits, she was denied a portion of the retirement benefits to which she had marital rights. Appellant contended that VRS, by failing to require retiree to provide proof of divorce or proof of notice to appellant, failed to follow its own policies and procedures. The hearing officer recommended the following action be taken by VRS:

> The VRS had documentation in the file that [retiree] was married. VRS policies and procedures required either spousal acknowledgment or proof of divorce before the application could be approved. Being such, [appellant's] marital rights were not protected as a direct result of the VRS failing to follow its policies and procedures. Therefore, [retiree's] application should be reviewed as if [appellant] is entitled to a survivor benefit option.

VRS, in its final case decision dated July 8, 2005, rejected the recommendation of the hearing officer and denied benefits to appellant. VRS noted that the statute requiring spousal acknowledgement of a retiree's selected retirement payment option, Code § 51.1-165.1,[3] does

_____

> spouse. Further, I am aware that counseling regarding the payment options is available.

[3] Code § 51.1-165.1 provides:

> Any application for retirement benefits . . . shall include a statement, acknowledged pursuant to § 55-118.4 or § 55-118.6, made by the spouse, if any, of the applicant, acknowledging (i) that the spouse has read the provisions of payment options and (ii) the selection of the basic benefit or any other benefit selected. Payments to a retired member who fails to have executed properly a statement of acknowledgment, and the provisions for obtaining

not provide for spousal consent, but only spousal acknowledgement. VRS stated that, whether or not such spousal acknowledgement is secured, "[t]he spouse cannot override the payment option selected by the member." In its decision, VRS stated:

> In the situation that occurred in this matter, where the member indicates on the retirement application that the marital status is divorced, signs the statement that all information contained on the application is true and no conflict exists which would cause a delay in the processing of the retirement application and payment of benefits, the existing policies and procedures (contrary to the independent fact finder's assertion) do not require the retirement analyst processing the retirement application to review the VRS record to verify the marital status. Specifically, in this matter, a review of the VRS record supports the indicated marital status of "divorced" in that [retiree's] original beneficiary designation named [appellant] (as spouse) in 1971. [Retiree] changed the beneficiary designation in 1992 from his spouse to his son. This is not inconsistent with a marital status of "divorced" and VRS relied reasonably on the information contained in [retiree's] service retirement application.

Appellant appealed the VRS decision to the Circuit Court of the City of Richmond pursuant to the Virginia Administrative Process Act (VAPA), Code § 2.2-4000, *et seq*. Appellant argued that she had been prejudiced by the lack of notice, i.e., that had she been told that retiree was not providing her with a survivor benefit, she would have pursued divorce or separation proceedings to protect her marital interest in retiree's retirement benefits. The trial court affirmed the VRS decision,[4] finding that a spouse has no interest in the retirement account

---

such statement, shall be governed by procedures adopted by the Board.

[4] The circuit court's review of the agency's action pursuant to the VAPA is

"equivalent to an appellate court's role in an appeal from a trial court." "In this sense, the General Assembly has provided that a circuit court acts as an appellate tribunal."

Mattaponi Indian Tribe v. Dep't of Envtl. Quality ex rel. State Water Control Bd., 43 Va. App. 690, 707, 601 S.E.2d 667, 676 (2004) (citations omitted), aff'd sub nom. Alliance to Save the Mattaponi v. Commonwealth Dep't of Envtl. Quality ex rel. State Water Control Bd., 270 Va. 423, 621 S.E.2d 78 (2005), cert. denied 2006 U.S. LEXIS 4540 (U.S. June 12, 2006).

- 4 -

of the retiree except that which is allowed by the retiree. Accordingly, the trial court held that appellant was not entitled to survivor benefits. The trial court also ruled that any remedy available to appellant would be speculative, as it is uncertain how much of her husband's retirement account she would have received in an equitable distribution proceeding.

This appeal follows.

ANALYSIS

Appellant concedes on brief that a spouse cannot override the retiree's selection of a retirement payment option. However, appellant argues that, if she had been provided the notice required by Code § 51.1-165.1, she would have "protect[ed] her marital interest in her husband's retirement account" before his death, namely by filing for divorce or by entering into a property settlement agreement. Appellant contends that VRS is responsible for the lack of notice, as it did not resolve the conflict between the marital status indicated on the initial "Member Informational Report" and that indicated on the "Application for Service Retirement." Appellant urges that VRS should have required retiree to produce proof of divorce or spousal acknowledgement before paying any benefits to retiree. Lastly, appellant maintains that, while the relief she seeks may be speculative as no equitable distribution proceeding occurred to determine her marital interest in the retirement account, any such speculation resulted solely from VRS's failure to notify appellant of retiree's selected retirement payment option and that VRS should not be entitled to benefit from this failure.

VRS argues that Code § 51.1-124.4(A)[5] prevents appellant from attacking the assets of VRS, as she is not a member of VRS or a beneficiary selected by retiree to receive benefits upon

---

[5] Code § 51.1-124.4(A) provides in relevant part:

> Retirement allowances and other benefits accrued or accruing to any person under this title and the assets of the retirement systems created under this title shall not be subject to execution,

his death.  As such, VRS maintains that appellant cannot recover for her claim against retiree's

retirement benefits.  We agree with VRS.

The issue presented by this appeal is one of law, namely the interpretation of applicable

statutes.  As such, we review the agency decision *de novo*.  Johnston-Willis, Ltd. v. Kenley, 6

Va. App. 231, 243-44, 369 S.E.2d 1, 8 (1988).

> The sole issue involves a question of statutory interpretation.  The
> issue does not involve "the substantiality of the evidential support
> for findings of fact," which requires great deference because of the
> specialized competence of the agency.  Instead, when, as here, the
> question involves a statutory interpretation issue, "little deference
> is required to be accorded the agency decision" because the issue
> falls outside the agency's specialized competence.  In sum, pure
> statutory interpretation is the prerogative of the judiciary.

Sims Wholesale Co. v. Brown-Forman Corp., 251 Va. 398, 404, 468 S.E.2d 905, 908 (1996)

(citations omitted).

When examining the wording of statutes, this Court considers the plain meaning of a

word rather than an obscure or strained definition.  See Rasmussen v. Commonwealth, 31

Va. App. 233, 238, 522 S.E.2d 401, 403 (1999).  It is clear upon reading Code § 51.1-124.4(A)

---

> attachment, garnishment, *or any other process whatsoever*, except
> any process for a debt to any employer who has employed such
> person, and except for administrative actions pursuant to Chapter
> 19 (§ 63.2-1900 et seq.) of Title 63.2 or any court process to
> enforce a child or child and spousal support obligation, nor shall
> any assignment thereof, other than a voluntary, irrevocable
> assignment of group life insurance pursuant to § 51.1-510, be
> enforceable in any court.  However, retirement benefits and assets
> created under this title which are deemed to be marital property
> pursuant to Chapter 6 (§ 20-89.1 et seq.) of Title 20 may be
> divided or transferred by the court by direct assignment to a spouse
> or former spouse pursuant to § 20-107.3.  *The assets of the*
> *retirement systems administered by the Board are trust funds and*
> *shall be used solely for the benefit of members and beneficiaries*
> *and to administer the retirement systems*.

(Emphasis added).

that the legislature intended VRS to hold its assets in the form of a public trust, for the sole benefit of retirees and their designated beneficiaries. It is for this reason that the legislature has shielded these funds from virtually all legal attacks, save those expressly exempted within the statute. See Crawford v. Haddock, 270 Va. 524, 530, 621 S.E.2d 127, 130 (2005) (indicating that the language of Code § 51.1-124.4 evinces an intent by the General Assembly to insulate VRS assets from certain types of "legal process"). The Supreme Court of Virginia recently reached the same conclusion when interpreting Code § 51.1-124.4 in Sexton v. Cornett, 271 Va. 251, 623 S.E.2d 898 (2006).

In Sexton, the Court considered whether a wife was entitled to her deceased husband's retirement benefits, where the husband had died intestate. The retiree and his wife had separated and were in the midst of divorce proceedings at the time of his death. Id. at 254, 623 S.E.2d at 900. Initially, the retiree had designated his wife as the beneficiary of his retirement benefits. Id. Two months before his death, the retiree designated his sister and her daughter as the sole beneficiaries of his retirement benefits. Id. The retirement benefits, along with a state life insurance policy that had the same beneficiary designation, made up the retiree's entire estate. Id. at 255, 623 S.E.2d at 900.

After retiree's death, his wife filed a petition to determine her elective marital share of the retirement benefits, arguing that they should be included as part of his augmented estate. Id. The wife relied on a Virginia law that was enacted "to preclude one spouse from disinheriting the other by transferring his property to third parties during his lifetime and thus depleting his estate." Id. The Supreme Court agreed that this estate law, when read in isolation, would clearly make the retirement benefits subject to the wife's claim. Id. However, the Court ruled that it could not read the estate law in isolation, but had to consider the impact of Code § 51.1-124.4. "[T]he General Assembly has, for many years, maintained a legislative policy of exempting

VRS . . . retirement benefits, in the hands of their designated beneficiaries, from attack of any kind." Id. Accordingly, the Supreme Court denied the wife in Sexton any relief under the estate laws.

Code § 51.1-124.4(A) does provide for two limited exceptions to the prohibition on legal attacks as it pertains to a spouse's right to retirement benefits and assets, namely (1) a court process to enforce spousal support obligations or (2) a division or transfer of these assets that are deemed to be marital property in an equitable distribution proceeding under Code § 20-107.3. No such proceedings ever took place between appellant and retiree, as they remained legally married at retiree's death.

Appellant argues that, because it is "undisputed that the Shropshire retirement account was marital property that would have been subject to equitable distribution in a divorce proceeding," her claim falls into the statutory exception noted above. Assuming that appellant is correct, which is not apparent from the record, it is evident that the exception applies only to those assets deemed to be marital property *in an equitable distribution proceeding*, not those assets that *would have been* deemed marital property. It is clear that the statute contemplates only those proceedings that have already occurred, not those that "may" occur in the future.[6]

Further, retiree selected the "Basic Benefits" payment option when applying for his retirement benefits, which provides for payment only during retiree's lifetime. Retiree reserved

---

[6] To hold otherwise would allow appellant to force a determination of her share of any marital property without the benefit of an equitable distribution proceeding. Any such determination would be fraught with immeasurable uncertainty, as it would require consideration of what a trial court "may have decided," but without the benefit of having the interests of both spouses represented.

Further, this determination would be inherently speculative, as Virginia law has no presumption favoring equal division of marital property. See Papuchis v. Papuchis, 2 Va. App. 130, 132, 341 S.E.2d 829, 830-31 (1986) (affirming trial court award to one spouse of 45% of certain marital property). Thus, a court could not award appellant with the relief she seeks. See Dietz v. Dietz, 17 Va. App. 203, 215, 436 S.E.2d 463, 471 (1993) ("Damages which cannot be established with reasonable certainty are speculative or conjectural and may not be recovered.").

nothing for his survivors or designated beneficiaries. Appellant, in requesting the payment of survivor benefits from VRS despite retiree's selection, seeks to collect on what she believes to be her marital share from the monies held in trust for other state employees, not the monies held by retiree or his estate. Appellant is not asking to share in any portion of her husband's retirement funds. Indeed, given retiree's selection of payments only during his lifetime, there are no "retirement funds" left after his death from which appellant could collect. Once retiree died, his retirement account ceased to exist. Instead, appellant is asking to share in the funds belonging to other state employees.[7] It is this very legal attack that Code § 51.1-124.4(A) was designed to prevent.

We need not address appellant's argument that VRS violated its own policies by not ensuring that appellant was informed of retiree's selection of a payment option as required by Code § 51.1-165.1. Assuming without deciding that VRS violated its policies, the plain language of Code § 51.1-165.1 requires only *acknowledgement* by a spouse of a retiree's benefit selection. Spousal *consent* is not required. As appellant concedes on brief, a spouse is not permitted to override a retiree's benefit selection if the spouse disagrees with the retiree's choice. Nothing in that statute gives appellant a vested or an enforceable interest in retiree's retirement benefits. Thus, the most appellant was entitled to under Code § 51.1-165.1 was notice.

With this notice, appellant may have been able to file for divorce and to seek equitable distribution of the retirement account before retiree's death. However, any award made by a trial court would have been granted from retiree's account alone, not from the funds held in trust by VRS for other state employees. Once retiree died, his retirement account ceased to exist. As we concluded above, appellant is precluded from seeking the remedy she requests because this

---

[7] Appellant conceded at oral argument that the claim was against the VRS funds held in trust for state employees and their beneficiaries.

would require the trial court to award appellant a portion of the funds held in trust for other state employees. Code § 51.1-124.4(A) bars such action.

Thus, we hold that the prohibition set out by the legislature in Code § 51.1-124.4(A), shielding VRS assets from legal process outside of the limited circumstances noted above, controls in this case. Accordingly, appellant cannot recover against VRS, and the decision of the trial court is affirmed.[8]

CONCLUSION

Appellant is barred by Code § 51.1-124.4(A) from subjecting the assets of VRS to legal attack, as her claim does not fall under one of the exceptions provided by the statute. The decision of the trial court upholding the VRS denial of survivor benefits to appellant is affirmed.[9]

Affirmed.

---

[8] We do not address appellant's argument that the trial court erred in ruling that the damages were speculative because we find that appellant has no remedy under these circumstances.

[9] On brief, appellant requested an award of attorney's fees pursuant to Code § 2.2-4030(A). Because such an award is available only to a prevailing party, appellant's request is denied.