Present:  All the Justices

JENNIFER BING

v.  Record No. 102270    OPINION BY JUSTICE DONALD W. LEMONS
                                    March 2, 2012
TERESA W. HAYWOOD, ET AL.

          FROM THE CIRCUIT COURT OF MIDDLESEX COUNTY
                      R. Bruce Long, Judge

     In this appeal, we consider whether the Circuit Court for

Middlesex County (the "trial court") erred when it granted,

pursuant to Code § 8.01-243.2, the special plea of the statute

of limitations filed by Teresa W. Haywood ("Haywood"), Teddy

Bagby ("Bagby"), and Mary M. Hodges ("Hodges").

                    I. Facts and Proceedings Below

     On May 28, 2008, Jennifer Bing ("Bing") was arrested by

Deputy Christopher W. Rhoades ("Deputy Rhoades") of the Mathews

County Sheriff's Department on suspicion of drug possession and

distribution.  Police found narcotics and paraphernalia in the

car in which Bing had been riding as a passenger and on the

seat of Deputy Rhoades' police cruiser after Bing had been

placed in the vehicle.  After her arrest, Bing was transported

to the Middle Peninsula Regional Security Center (the "Security

Center").

     Deputy Rhoades told the staff at the Security Center that

Bing "might be hiding narcotics on or in her person."  Bing

alleged that, at the direction of shift commander Bagby,

Haywood, the medical supervisor, and Hodges, a lieutenant, "conducted a full cavity search on Bing . . . searching her anus, vagina and other body parts without a court order and without the search being performed by a medically trained person who was on duty at the time of the search."

On May 21, 2010, almost two years later, Bing filed a complaint against Haywood, Bagby, and Hodges (collectively, "the defendants") in the trial court. In her three-count complaint, Bing alleged that she suffered an assault and battery by Haywood, Bagby, and Hodges; the search authorized by Babgy and performed by Haywood and Hodges was illegal; and the actions of Deputy Rhoades,[*] Haywood, Bagby, and Hodges constituted intentional infliction of emotional distress. Bing sought $250,000 in compensatory damages and $250,000 in punitive damages, alleging that the defendants "acted consciously in an unjustifiable, willful, wanton and reckless disregard of [Bing's] rights."

In response, the defendants filed an answer raising several affirmative defenses including probable cause to search Bing and consent by Bing to the search. Also, the defendants filed a demurrer and a plea of the statute of limitations. The defendants demurred as to count three, arguing that Bing failed to allege facts necessary to support a cause of action for

_____
[*] Deputy Rhoades was not named as a defendant.

2

intentional infliction of emotional distress. In the plea of the statute of limitations, the defendants argued that Bing's claim was based upon the conditions of her confinement; "Code § 8.01-243.2 prescribes a one-year statute of limitations for inmate claims based on conditions of confinement"; and Bing's claim was barred by the statute of limitations.

The trial court held a hearing on the defendants' demurrer and plea of the statute of limitations. We need not address the demurrer because the trial court did not decide that question. Rather, the trial court sustained the plea of the statute of limitations and dismissed the complaint.

Bing timely filed her petition for appeal, and we granted Bing's appeal on the following assignment of error:

1. The trial judge erred by sustaining Defendants' Special Pleas, by holding that Plaintiff's claim was barred by the statute of limitations and by dismissing with prejudice the instant cause of action.

## II. Analysis

### A. Standard of Review

Well-settled principles of statutory review guide our analysis in this case.

> [A]n issue of statutory interpretation is a pure question of law which we review de novo. When the language of a statute is unambiguous, we are bound by the plain meaning of that language. Furthermore, we must give effect to the legislature's intention as expressed by the language used unless a literal interpretation of

3

the language would result in a manifest absurdity. If a statute is subject to more than one interpretation, we must apply the interpretation that will carry out the legislative intent behind the statute.

Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007) (citations omitted).

## B. Statute of Limitations

On appeal, Bing contends that the trial court erred in granting the defendants' plea of the statute of limitations and dismissing her case with prejudice because the trial court improperly applied the one-year statute of limitations in Code § 8.01-243.2 instead of the two-year statute of limitations prescribed by Code § 8.01-243. Specifically, Bing argues that she was not "confined" within the meaning of Code § 8.01-243.2 and that "her complaint did not relate to the conditions of her confinement." We disagree.

Code § 8.01-243.2 provides that,

No person confined in a state or local correctional facility shall bring or have brought on his behalf any personal action relating to the conditions of his confinement until all available administrative remedies are exhausted. Such action shall be brought by or on behalf of such person within one year after cause of action accrues or within six months after all administrative remedies are exhausted, whichever occurs later.

(Emphasis added.) For the one-year provision in Code § 8.01-243.2 to apply, the plaintiff must have been "confined" at the

4

time the cause of action accrued, and the cause of action must relate to plaintiff's "conditions of confinement."  Code § 8.01-243.2.

While we have not yet addressed whether the one-year provision in Code § 8.01-243.2 applies to a pre-trial detainee such as Bing, we have interpreted Code § 8.01-243.2 in the context of a post-conviction inmate on two prior occasions. Billups v. Carter, 268 Va. 701, 604 S.E.2d 414 (2004); Ogunde v. Commonwealth, 271 Va. 639, 628 S.E.2d 370 (2006).  Billups and Ogunde were serving prison terms in state correctional centers when their respective causes of actions accrued. Billups, 268 Va. at 705, 604 S.E.2d at 416; Ogunde, 271 Va. at 641, 628 S.E.2d at 371.

Billups, a prisoner at a correctional center, brought an action under 42 U.S.C § 1983 against the Virginia Department of Corrections and a correctional center employee.  Billups, 268 Va. at 705, 604 S.E.2d at 416.  The claim against the correctional center employee included a count for assault and battery.  Id.  Billups' complaint was filed more than one year but less than two years after the occurrence of the incident giving rise to the lawsuit.  Id. at 705, 604 S.E.2d at 416-17. The trial court held "that the statute of limitations applicable to § 1983 actions was one year, as prescribed by Code § 8.01-243.2, which governs personal actions brought by

inmates of correctional institutions relating to the conditions of their confinement." Id. at 710, 604 S.E.2d at 419. We reversed and held that: (1) "§ 1983 actions brought in Virginia courts are governed by the two-year limitation prescribed" in Code § 8.01-243(A); and (2) Billups' assault and battery claim, based on an alleged sexual assault, was governed by the one-year statute of limitations provision prescribed in Code § 8.01-243.2. Id.

Ogunde was a prisoner at a state correctional center who filed a complaint under the Virginia Tort Claims Act alleging "that the Commonwealth's employees negligently assigned him to an upper bunk bed and, in December 2002, ordered him to climb down from the bed for roll call when they knew, or should have known, that he had an injured knee and could fall." Ogunde, 271 Va. at 641, 628 S.E.2d at 371. The Tort Claims Act's statute of limitations, Code § 8.01-195.7, requires a claimant to file a notice of claim within one year of the accrual of the cause of action, and the claimant must commence the suit within eighteen months of filing the notice of claim. Id. at 642, 628 S.E.2d at 371-72. We concluded that Ogunde's cause of action was related to the conditions of his confinement; however, we held that the Tort Claims Act's statute of limitations applied to Ogunde's action because "[t]he Act is self-contained,

incorporating its own statute of limitations, which likewise is self-contained."  Id. at 643-44, 628 S.E.2d at 372-73.

Our holdings in Billups and Ogunde are not directly on point with the present case.  Bing stipulated that her complaint "sets forth state-law causes of action only, and does not purport to set forth a cause of action under 42 U.S.C. § 1983"; whereas, Billups asserted a federal claim under 42 U.S.C. § 1983.  Billups, 268 Va. at 705, 604 S.E.2d at 416.  However, Bing's case is similar to Billups in that both Bing and Billups alleged a count of common-law assault and battery.  Id.  Bing's case is distinguished from Ogunde because Bing's complaint was not brought under the Tort Claims Act.  Ogunde, 271 Va. at 641, 628 S.E.2d at 371.

The United States District Court for the Eastern District of Virginia has held that the one-year statute of limitations provision in Code § 8.01-243.2 applied to a pre-trial detainee's common-law assault and battery claim.  Harris v. Commonwealth, No. 3:07CV701, 2008 U.S. Dist. LEXIS 33834, at *16 (E.D. Va. Apr. 24, 2008).  Irrespective of Harris' status as a pre-trial detainee, the court concluded that our holding in Billups "is applicable to the facts of [the] instant case," and the court held that Harris' common-law assault and battery claim is "subject to [Code] § 8.01-243.2's one-year period of limitations."  Harris, 2008 U.S. Dist. LEXIS 33834, at *17.

7

For the one-year statute of limitations to apply, Bing must have: (1) been a "person confined in a state or local correctional facility"; and (2) "brought on [her] behalf [a] personal action relating to the conditions of [her] confinement." Code § 8.01-243.2. The word "confine" is defined as "the state of being imprisoned or restrained." Black's Law Dictionary 318 (9th ed. 2009). The statute further provides that such confinement must be in a state or local correctional facility. Code § 8.01-243.2. The Security Center is clearly such a facility, and it was there that she was clearly confined. Her status as a pre-trial detainee is immaterial to this determination.

Each claim in Bing's three-count complaint was based upon the body cavity search. Because she was confined at the time of the body cavity search, the question remains whether the search related to the conditions of Bing's confinement. Significantly, the United States Supreme Court has stated that "it is reasonable to search [a] person to prevent the introduction of weapons or contraband into [a] jail facility and to inventory the personal effects found on [a] suspect." United States v. Robinson, 414 U.S. 218, 258 n.7 (1973). Without question, governmental officials operating jails, detention centers, and prisons have a compelling interest in

8

maintaining a drug free, contraband free, and weapon free environment in their facilities.

Additionally, Code §§ 53.1-30 and -127, respectively, provide that any person entering a correctional facility "shall be subject to a search," and the search shall be "reasonable under the circumstances."  As a result, searching a prisoner prior to placing the prisoner within a prison population to prevent contraband, whether drugs, weapons, or other substances, from entering the facility is related to the conditions of confinement.  We express no opinion whether the body cavity search was done properly.  In this case we are concerned only with the issue of the statute of limitations for her claim.

### III. Conclusion

We hold that the trial court did not err when it granted defendants' plea of the statute of limitations because Bing was "confined" within the meaning of Code § 8.01-243.2, and the body cavity search related to the conditions of her confinement.  Accordingly, we will affirm the judgment of the trial court.

<u>Affirmed</u>.

9