# VIRGINIA:

*In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Thursday the 28th day of December, 2017.*

Abbas Javed Ahmed,                                                                           Appellant,

 against          Record No. 161180
                    Circuit Court No. CL-16-40

Commonwealth of Virginia,                                                                 Appellee.

> Upon an appeal from a judgment rendered by the Circuit Court of Greensville County.

Upon consideration of the record, briefs, and argument of counsel, the Court is of opinion that the circuit court erred in ruling that appellant did not timely file his notice of tort claim under the Virginia Tort Claims Act ("VTCA"), Code §§ 8.01-195.1 through -195.9, and in dismissing his complaint on such ground. Therefore, we will reverse the judgment of the circuit court.

## I.

Abbas Javed Ahmed ("Ahmed") alleges that while an inmate at Greensville Correctional Center, he suffered an injury to his head and neck on September 10, 2013, when the telephone he was using fell from the wall and struck him. Ahmed filed informal complaints in connection with the incident on September 13, 2013 against the Virginia Department of Corrections ("DOC"), which operates the facility, to which the DOC responded on September 27, 2013. Ahmed filed grievances against the DOC on September 30, 2013, which the DOC ruled to be "[u]nfounded" on October 22, 2013.[1] On October 24, 2013, Ahmed filed an appeal of this

---

[1] *See* 6 VAC § 15-45-1740 (stating that the Department of Corrections "shall provide for an inmate grievance procedure that is available to all inmates and includes at least one level of appeal and specific time limits"); Virginia Department of Corrections Operating Procedure

"Level I response" to his grievances, thus triggering a "Level II" review under the DOC's Inmate

Grievance Procedure.[2]  The DOC upheld the Level I decision on October 30, 2013, and informed

Ahmed that "Level II is the last level of appeal for this grievance" and that he has "exhausted all

administrative remedies."[3]

Ahmed filed notice of a tort claim against the Commonwealth in connection with this

incident on September 22, 2014, attached to which was Ahmed's affidavit verifying that he had

"exhausted the administrative remedies of the adult institutional grievance procedure."  Ahmed

866.1: Inmate Grievance Procedure § IV(G)(1), at 3 (July 1, 2016) (providing that "[a]t each level of the procedure, responses to each grievance will be made in writing, with reasons for the decision stated clearly") and § IV(G)(2)(c), at 4 (providing that an "Unfounded" response to a grievance means that "an investigation determines that the offender's claim is untrue or that an alleged incident did not occur").

We note that a different version of the Inmate Grievance Procedure, dated July 1, 2013, was in effect at the time of the alleged September 10, 2013 incident upon which Ahmed's grievance is based.  However, neither Ahmed nor the Commonwealth contends that this prior version is materially different, in any pertinent respect, from the currently effective version dated July 1, 2016, which is publicly available for review, see https://vadoc.virginia.gov/about/

procedures/documents/800/866-1.pdf (last visited December 1, 2017).  Accordingly, for purposes of this matter, we cite to the current version of the Inmate Grievance Procedure, rather than its predecessor.  *See, e.g.*, *DeMille v. Commonwealth*, 283 Va. 316, 319 n.1, 720 S.E.2d 69, 70 n.1 (2012) (citing to current version of statute where "in all material respects the current version of the [statute] is substantially the same as the former version"); *Rizzo v. Virginia Retirement Sys.*, 255 Va. 375, 378 n.3, 497 S.E.2d 852, 853 n.3 (1998) (citing to recodified version of statute where the "differences in the [subsequently] recodifi[ed version] are not material for purposes of the present opinion").

[2] *See id.* § IV(H)(2), at 4 (providing that "[a]n offender who is dissatisfied with the response to a grievance may appeal by signing, dating, and indicating in the designated area reasons why they are dissatisfied with the . . . response"); *id.* § VI(C)(1), at 13 (providing details regarding Level I grievance responses); *id.* § VI(C)(2), at 13 (providing details regarding Level II grievance responses).

[3]  *See id.* at § VI(C)(2)(g), at 13 (providing that the Level II response to an inmate grievance should "indicate whether the [grievable] issue qualifies for an appeal to the next level" and should "provide the name and address of [the] respondent at the next level of appeal, if applicable," and that, "[i]f there is no further appeal" available to the inmate, it should "advise [the inmate] that [the inmate] has exhausted all administrative remedies").

filed a complaint against the Commonwealth in connection with this incident in the circuit court on February 24, 2016. In response, the Commonwealth filed a combined plea of the statute of limitations, plea in bar, and motion to dismiss asserting that Ahmed's notice of claim was not filed within one year as required by Code § 8.01-195.7. The circuit court ruled that Ahmed's "claims are barred by the statute of limitations because his Notice of Claim was not timely filed" and dismissed his complaint with prejudice.

## II.

In Ahmed's first assignment of error, he contends that the circuit court erred in granting the Commonwealth's combined plea of statute of limitations, plea in bar, and motion to dismiss.[4] Ahmed asserts that the time period for filing his notice of tort claim against the Commonwealth was tolled during the pendency of the DOC grievance procedure. We agree.

"[T]hrough the enactment of the VTCA, the General Assembly has provided an 'express but limited waiver of the Commonwealth's immunity from tort claims.'" *Phelan v. Commonwealth*, 291 Va. 192, 195, 781 S.E.2d 567, 568 (2016) (quoting *Melanson v. Commonwealth*, 261 Va. 178, 181, 539 S.E.2d 433, 434 (2001)); *see* Code §§ 8.01-195.1 through -195.9. The VTCA includes a notice of tort claim requirement, which specifically provides, as relevant here, that "[e]very claim cognizable against the Commonwealth . . . shall be forever barred unless the claimant . . . has filed a written statement of the nature of the claim . . . within one year after such cause of action accrued." Code § 8.01-195.6(A).

---

[4] Although we granted three assignments of error, Ahmed has abandoned his second and third assignments of error.

3

With specific regard to a claim by an inmate of a state correctional facility,[5] Code § 8.01-195.3(7) provides that any recovery based on such claim is excluded from the provisions of the VTCA "unless the claimant verifies under oath, by affidavit, that he has exhausted his remedies under the adult institutional inmate grievance procedures promulgated by the Department of Corrections." *See also Ogunde v. Commonwealth*, 271 Va. 639, 642-44, 628 S.E.2d 370, 372-73 (2006) (discussing the requirement in Code § 8.01-195.3(7) "that an inmate must first exhaust administrative remedies" and provide verification of the same under oath). Subparagraph (7) further states that "[t]he time for filing the notice of tort claim shall be tolled during the pendency of the grievance procedure." Code § 8.01-195.3(7); *see also Ogunde*, 271 Va. at 644, 628 S.E.2d at 373 (noting that "the second sentence of subparagraph (7) [of Code § 8.01-195.3] tolls, during the pendency of the grievance (administrative) procedure, the time for filing the notice of the tort claim").

Applying these provisions of the VTCA, Ahmed's notice of tort claim was timely filed. Ahmed's cause of action accrued on September 10, 2013 (the date of the incident). Ahmed filed his informal complaints on September 13, 2013 and timely initiated the regular grievance procedure on September 30, 2013. *See* Virginia Department of Corrections Operating Procedure 866.1: Inmate Grievance Procedure § VI(A)(1), at 7 (July 1, 2016) (providing that generally, "[g]rievances are to be submitted within 30 calendar days from the date of occurrence/incident or

---

[5] "State correctional facility" is defined to include any correctional center for the incarceration of adult offenders established and operated by the Virginia Department of Corrections. Code § 53.1-1.

discovery of the occurrence/incident," except in certain specified circumstances which are not pertinent to the instant matter). The grievance process continued until October 30, 2013, when Ahmed was informed by the DOC that he had "exhausted all administrative remedies." Because the time period for filing the notice of tort claim was tolled during the pendency of the grievance procedure by operation of Code § 8.01-195.3(7), Ahmed's notice of claim, filed on September 22, 2014 (one year and 12 days after the accrual of his cause of action), was filed within the one-year requirement imposed by Code § 8.01-195.6(A).[6] Therefore, the circuit court erred in ruling that Ahmed did not timely file his notice of tort claim and dismissing his complaint on that ground.

Accordingly, we reverse the circuit court's judgment and remand this case to the circuit court for further proceedings.

This order shall be certified to the said circuit court and shall be published in the Virginia Reports.

A Copy,

Teste:

Patricia L. Harrington, Clerk

---

[6] We reject the Commonwealth's contention that the VTCA "imposes two different notice-filing requirements," namely the filing requirement contained in Code § 8.01-195.6(A), which the Commonwealth argues applies to claims that are not litigated and is subject to the tolling provision set forth in Code § 8.01-195.3(7), and a separate filing requirement contained in Code § 8.01-195.7, which the Commonwealth argues applies "as a precursor to filing a VTCA lawsuit" and is not subject to tolling. Code § 8.01-195.7, which prescribes the limitations periods for commencing an action against the Commonwealth, does not set forth a separate notice of claim filing requirement but restates the requirement imposed by Code § 8.01-195.6(A).

5