987 A.2d 141

### In re ESTATE OF Ronald SLOMSKI, a/k/a Ronald J. Slomski, Deceased.

Jennifer Smith and Jacilyn Snyder,

v.

The Thermoclad Company, Rita Slomski, Ronalee Curtis and Randall Slomski,

**Appeal of Rita Slomski, Ronalee Curtis and Randall Slomski.**

Supreme Court of Pennsylvania.

Argued Sept. 15, 2009.

Decided Dec. 28, 2009.

Andrew Michael Schmidt, Erie, for Rita Slomski, Ronalee Curtis and Randall Slomski.

Paul J. Susko, Kubinski, Susko & Schonthaler, Erie, for Jennifer Smith and Jacilyn Snyder.

Thomas S. Kubinski, Kubinski, Susko & Schonthaler, Erie, for Slomski Estate.

BEFORE: CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, GREENSPAN, JJ.

## *OPINION*

Justice GREENSPAN.

This Court granted allocatur in order to determine whether Section 5603(q) of the Durable Power of Attorney Act, 20 Pa.C.S. §§ 5601–5611 (the Act), includes the power of the agent to change the beneficiary designation of a qualified retirement plan owned by the principal. For the reasons that follow, we hold that a principal's Power of Attorney granting the agent the power to engage in retirement plan transactions authorized his agent to change the beneficiary of the principal's retirement plan. We therefore reverse the order of the Superior Court.

On March 24, 2000, Ronald Slomski ("the decedent") executed a durable Power of Attorney ("POA") granting Rita Slomski ("Slomski"), his mother, authority to exercise control over his affairs as his agent. The POA specifically authorized Slomski to, among other things, "engage in retirement plan transactions." On May 4, 2005, the decedent completed a Beneficiary Designation Form for his retirement plan through The Thermoclad Company. The Beneficiary Designation Form also allowed the decedent to change the beneficiaries. The decedent named his wife as the primary beneficiary with his stepdaughters, Jennifer Smith and Jacilyn Snyder ("Appel-

lees"), as contingent beneficiaries. The decedent's wife passed away on July 18, 2006.

On December 12, 2006, Slomski used the POA to change the beneficiaries of the retirement account to the decedent's siblings, Ronalee Curtis and Randall Slomski. The decedent passed away on December 28, 2006. At the time of the decedent's death, the retirement plan had a value of approximately $190,000.00. The decedent died testate leaving the estate in equal shares to Appellees, with Jennifer Smith being appointed executrix on January 5, 2007.

On February 7, 2007, Appellees filed this action for Declaratory Judgment and Preliminary Injunction seeking, among other things, to invalidate Slomski's change of the beneficiaries of the decedent's retirement account. Slomski, along with the decedent's siblings, (collectively the "Appellants") filed a motion for judgment on the pleadings. Appellees filed a cross-motion for judgment on the pleadings.

On June 15, 2007, the trial court granted Appellants' motion and held that Slomski had the authority to change the beneficiary designation of the decedent's retirement account based on clear statutory language. More specifically, the trial court held that the POA "did, in fact, include broad general language, paralleling the language set forth at 20 Pa.C.S. § 5602, empowering Rita Slomski to deal with retirement plan matters, and to exercise all powers with respect to retirement plans that the principal could if present, pursuant to 20 Pa.C.S. § 5603(q)." Tr. Ct. Order at 2. The trial court also held that the change of the beneficiary was not a gift, but rather an expectancy interest. Tr. Ct. Op. at 16.

On July 29, 2008, the Superior Court reversed and ruled that Slomski did not have the authority to change the beneficiary designation of the decedent's retirement account. *Estate of Slomski v. Thermoclad Co.*, 956 A.2d 438 (Pa.Super.2008). The Superior Court characterized the changing of a beneficiary as a gift, not a retirement plan transaction, and therefore concluded that it was an unlimited gift requiring a specific designation in the POA. *Id.* at 19. Because the POA granted Slomski the power to engage in retirement plan

transactions, but did not specifically grant Slomski the authority to change the beneficiaries of the decedent's retirement accounts, the Superior Court held that Slomski could not change the retirement account beneficiary. *Id.*

We granted allocatur to determine "whether the 'all powers' language in 20 Pa.C.S. § 5603(q) includes the power of the agent to change the beneficiary designation of a qualified retirement plan owned by the principal." *In re Estate of Slomski,* 600 Pa. 626, 969 A.2d 1176 (Pa.2009).

Appellants assert that the POA gave Slomski the "power to engage in retirement plan transactions." Simply put, the "power to engage in retirement plan transactions" is statutorily defined and includes the power to "exercise all powers with respect to retirement plans that the principal could if present." 20 Pa.C.S. § 5603(q). This includes the power to change the beneficiary designation on the retirement plan. If the legislature intended to limit this power, it would have done so as it limited the power of the agent to change the beneficiary designation for insurance policies. *See* 20 Pa.C.S. § 5603(p) (defining the "power to engage in insurance transactions"); *see also* footnote 2 *infra.* Lastly, Appellants assert that the changing of the beneficiaries does not constitute a gift because it is only an expectation and not an actual gift.

Appellees argue that although Section 5603(q) of the Act includes the power to "exercise all powers with respect to retirement plans that the principal could if present," this section must be read in conjunction with Section 5601.2, which governs gifts.[1] Unlimited gifts must be specifically defined in the POA pursuant to Section 5601.2(c). By changing the

---

1. Section 5601.2 provides, in pertinent part:
 Special rules for gifts
 (a) General rule.—A principal may empower an agent to make a gift in a power of attorney only as provided in this section.
 (b) Limited gifts.—A principal may authorize an agent to make a limited gift as defined under section 5603(a)(2) (relating to implementation of power of attorney) by the inclusion of:
 (1) the language quoted in section 5602(a)(1) (relating to form of power of attorney); or
 (2) other language showing a similar intent on the part of the principal to empower the agent to make a limited gift.

beneficiary designation of the retirement plan, Slomski bestowed decedent's most valuable asset upon his siblings instead of his stepdaughters. Appellees assert that because this is a gift, not a retirement plan transaction, and the POA did not specifically authorize this gift, the change of the beneficiaries should be declared void.

The Act permits a principal to give authority to an agent to engage in retirement plan transactions. *See* 20 Pa.C.S. § 5602(a)(18); 20 Pa.C.S. § 5603(q). Specifically, a principal can give this power to an agent simply by including the language "to engage in retirement plan transactions" in a POA. 20 Pa.C.S. § 5602(a)(18). This phrase is then further defined in Section 5603:

> A power to "engage in retirement plan transactions" shall mean that the agent may contribute to, withdraw from and deposit funds in any type of retirement plan (including, but not limited to, any tax qualified or nonqualified pension, profit sharing, stock bonus, employee savings and retirement plan, deferred compensation plan or individual retirement account), select and change payment options for the principal, make roll-over contributions from any retirement plan to other retirement plans and, in general, *exercise all powers with respect to retirement plans that the principal could if present.*

20 Pa.C.S. § 5603(q) (emphasis added). While the power to engage in retirement plan transactions does not specifically include the ability to change the beneficiary designations, it does authorize the agent to "exercise all powers with respect to retirement plans that the principal could if present." 20 Pa.C.S. § 5603(q).

Here, the decedent had the power under the Beneficiary Designation Form to change the beneficiary of the retirement plan. Because the POA included the exact statutory language "to engage in retirement plan transactions," Slomski was authorized to change the beneficiaries of the retirement plan

(c) Unlimited gifts.—A principal may authorize an agent to make any other gift only by specifically providing for and defining the agent's authority in the power of attorney.
20 Pa.C.S. § 5601.2.

to the decedent's siblings as this clearly was a power the decedent also had.[2]

Appellees argue that the change of the retirement plan beneficiaries was a gift bestowed upon the decedent's siblings and this was beyond Slomski's powers because the POA did not include the power to make unlimited gifts. A principal may authorize an agent to make limited or unlimited gifts. Limited gifts can be made only to the "principal's spouse, issue and a spouse of the principal's issue." 20 Pa.C.S. § 5603(a)(2)(i). Unlimited gifts can be made by the agent only if the principal "specifically provid[es] for and defin[es] the agent's authority in the power of attorney." 20 Pa.C.S. § 5601.2(c). Specifically, Appellees argue that in order for Slomski to have the power to change the retirement plan beneficiaries, that power must be specifically included in the POA because it is an unlimited gift.

We reject Appellees' argument. By including the language "to engage in retirement plan transactions" in his POA, the decedent authorized Slomski to "exercise all powers with respect to retirement plans that the principal could if present." *See* 20 Pa.C.S. § 5602(a)(18); 20 Pa.C.S. § 5603(q). This power includes the ability to change the beneficiaries of the retirement plan.[3]

Accordingly, we reverse the Superior Court.

**2.** Significantly, the statutory definition of the power to engage in insurance transactions in Section 5603(p) includes much of the same language as the statutory definition of the power to engage in retirement plan transactions in Section 5603(q), but does speak to, and specifically *limits* the power to change the beneficiaries. *See* 20 Pa.C.S. § 5603(p)(3); *see also In re Weidner*, 595 Pa. 263, 938 A.2d 354 (Pa.2007) (holding that general language in the POA incorporating the powers set forth in 20 Pa.C.S. §§ 5601–5607 is sufficient to allow the principal to change the beneficiary of a life insurance policy pursuant to § 5603(p)(3)). In contrast, the statutory definition of the power to engage in retirement plan transactions permits an agent to exercise all the same powers as the principal without any limitation at all. Clearly if the legislature intended to limit the power of an agent to change the beneficiary of a retirement plan, it would have done so in Section 5603(q).

**3.** The Superior Court characterized the change of the beneficiaries as a gift without addressing the possible tax ramifications. The trial court

Justices EAKIN, BAER, and McCAFFERY join the opinion.

Justice SAYLOR files a dissenting opinion in which Chief Justice CASTILLE and Justice TODD join.

Justice SAYLOR, dissenting.

As a threshold matter, I agree with the majority's conclusion that the change of beneficiary accomplished by Rita Slomski was a "retirement plan transaction" for purposes of Section 5602(a) of the Probate, Estates and Fiduciaries Code. *See* 20 Pa.C.S. § 5602(a)(18). Nevertheless, I do not believe this conclusion alone warrants a reversal of the Superior Court's order. Furthermore, given the limited nature of the allocatur grant, if the Court is to proceed to address the questions which I believe are dispositive, I believe it should issue a supplemental grant order. My reasoning follows.

By way of background, this Court traditionally took a fairly liberal approach to the use of general language in powers of attorney to authorize special powers, such as those which might encompass acts that at least facially amount to self-dealing.[1] *See, e.g., In re Estate of Reifsneider,* 531 Pa. 19, 25, 610 A.2d 958, 961 (1992) (describing the common law as embodying the principle that "general language *can* serve to grant specific powers") (emphasis in original).[2] In 1999, how-

determined that if the change of the beneficiaries was characterized as a gift, the beneficiaries would be required to file a gift tax return and because the decedent and Slomski had the power to change the beneficiary numerous times until the decedent's death, each time the beneficiary is changed, the newly named beneficiaries would be required to file a gift tax return. For the reasons stated above, however, the change in beneficiaries here was not a gift and accordingly any issue of gift tax ramifications is not involved.

1. I use the term "self-dealing" to include gift-giving at the personal discretion and leisure of an attorney-in-fact.

2. I have discussed my differences with the *Reifsneider* decision elsewhere. *See In re Weidner,* 595 Pa. 263, 273–74, 938 A.2d 354, 361 (2007) (Saylor, J., concurring). Notably, the special rules for gifts, which are at the center of my reasoning below, were not addressed in the *Weidner* decision, since the amendment effectuating those rules was not effective in the relevant time period. *See id.* at 271 n. 4, 938 A.2d at 359 n. 4.

ever, the Legislature reacted by supplementing the Code with Section 5601.2, which implemented "special rules" applicable to gift-giving by an attorney-in-fact. *See, e.g.,* 20 Pa.C.S. § 5601.2(c) (*"Unlimited gifts.*—A principal may authorize an agent to make any other gift only by specifically providing for and defining the agent's authority in the power of attorney."). Indeed, the Joint State Government Commission Comment accompanying the pertinent statutory amendments explains that it was the General Assembly's intention to "overrule *Estate of Reifsneider* " to the extent it "would permit an agent to make a gift under the power of attorney which does not specifically provide for that power." 20 Pa.C.S. § 5601.2 (Jt. St. Gov't Comm'n Cmt.–1999).

In this case, the majority appears to reason that these relatively new, special rules for gifts do not apply, because the relevant power of attorney form met the requirements specified in a preexisting provision of the statutory scheme, Section 5602(a)(18). *See* Majority Opinion, at 652 & n. 2, 987 A.2d at 143 & n. 2. I respectfully differ with this analysis.

Section 5602, upon which the majority relies, sets forth a series of special powers which may be included within a power of attorney through the use of statutorily-prescribed language or an equivalent, including the salient power "[t]o engage in retirement plan transactions." 20 Pa.C.S. § 5602(a)(18). Significantly, various statutory powers facially encompass acts of gift-giving. For example, one of the special powers identified in Section 5602 is "[t]o engage in tangible personal property transactions." 20 Pa.C.S. § 5602(a)(11). This language clearly subsumes a present, completed *inter vivos* gift of personal property. Yet, such a disposition of property just as clearly implicates the express terms of the "special rules" applicable to gifts under Section 5601.2.

Given that there is material overlap between Sections 5602 ("Form of power of attorney") and 5601.2 ("Special rules for gifts"), it is necessary to consider how the Legislature intended to address areas of overlap. In this regard, since the restrictions on gift-giving by an attorney-in-fact are particular-

ly couched as "Special rules for gifts," *see* 20 Pa.C.S. § 5601.2,[3] it seems evident to me that they operate to supplement the requirements otherwise provided in the Code. I find the Superior Court's reasoning persuasive:

> the purpose of [Section 5601.2] is to ensure that if the principal desires to authorize the agent to make a gift, that authorization must be specifically stated in the power of attorney and it cannot be incorporated by reference to the general powers offered to agents in the statutory provision of [S]ection 5602. It was intended to prevent the potential for abuse of the power to make gifts by agents acting under a power of attorney.

*Estate of Slomski v. Thermoclad Co.*, 956 A.2d 438, 447 (Pa.Super.2008) (*per curiam*).[4]

In light of the above reasoning, I do not believe that a reversal is justified upon merely answering the question presented as framed in this Court's Order allowing the appeal: "Whether the 'all powers' language in 20 Pa.C.S. § 5603(q) includes the power of the agent to change the beneficiary designation of a qualified retirement plan owned by the principal." *In re Estate of Slomski*, 600 Pa. 626, 969 A.2d 1176 (2009) (*per curiam*). Although I agree with the majority's resolution of that issue—namely, that "all powers" includes the power to change a beneficiary—I do not believe this conclusion by itself excludes the possibility that designating a beneficiary is also a gift subject to Section 5601.2's special rules for gifts. In my view, an additional assessment of the nature of a change of beneficiary is required.[5]

3. Captions, although not dispositive, may be used in statutory construction. *See* 1 Pa.C.S. § 1924. Moreover, the body of Section 5601.2 mirrors its caption in specifying that "[a] principal may empower an agent to make a gift in a power of attorney only as provided in this section." 20 Pa.C.S. § 5601.2(a).

4. My only difference with the Superior Court's reasoning on this point is that it appears to have regarded "gifts," pursuant to Section 5601.2, as being mutually exclusive of "transactions" under Section 5602. *See Slomski*, 956 A.2d at 445–47.

5. A "gift" is not defined in the Code. *See* 20 Pa.C.S. §§ 5601–5611. Given the Legislature's overarching goal to limit self-dealing in the context of a power of attorney, and the history behind Section 5601.2, a

658

As such, and to the degree that the Court is to confine itself to the question on which the appeal was allowed, I would simply affirm. Alternatively, I would issue a supplemental grant order and permit additional briefing on the question of whether a change of beneficiary also represents a gift for purposes of Section 5601.2's special rules, and whether the Superior Court erred in its interpretation of what is required to be included in a power of attorney to satisfy Section 5601.2's requirements. Notably, such matters were raised by Appellants in their petition for allowance of appeal, albeit they did not make their way into the existing allocatur grant order.

Chief Justice CASTILLE and Justice TODD join this dissenting opinion.

reasonable argument can be advanced that the General Assembly intended to define a "gift" in the broadest sense of the term. Cf. Sexton v. Cornett, 271 Va. 251, 623 S.E.2d 898, 900 (2006) ("The designation of a person as beneficiary under a life insurance policy is a gift from the insured, even though the gift is revocable and its enjoyment is postponed. The same reasoning applies to a designation of a person as beneficiary of vested retirement benefits." (citation omitted)).