J-S17017-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: ESTATE OF JOHN D. NEWCOMER, DECEASED, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| APPEAL OF: CLARENCE NEWCOMER, EXECUTOR OF THE ESTATE OF JOHN D. NEWCOMER, DECEASED, | |
| Appellant | No. 653 WDA 2014 |

Appeal from the Order Entered March 31, 2014
In the Court of Common Pleas of Fayette County
Orphans' Court at No(s): 2613-0616

BEFORE:  GANTMAN, P.J., SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED APRIL 10, 2015**

Appellant, Clarence Newcomer, appeals from the order entered on March 31, 2014, directing that the proceeds from an annuity owned by John D. Newcomer, Sr., Appellant's Father ("Decedent"), be paid to Theresa Charnovich ("Ms. Charnovich") instead of Appellant and his brother, John D. Newcomer, Jr.  We affirm.

The record reveals that on November 21, 2013, Ms. Charnovich, Decedent's girlfriend of twenty-eight years, petitioned the Orphans' Court to issue a rule to show cause in an effort to recover approximately $40,000.00 that was deposited with American General Life Insurance in an annuity ("the

_____

[*] Former Justice specially assigned to the Superior Court.

annuity"), which was payable on the death of Decedent. This annuity was purchased by Decedent on July 1, 2010, and he named Ms. Charnovich as the sole beneficiary. On May 11, 2011, Decedent executed a Power of Attorney ("POA") that named his son, John D. Newcomer, Jr., his attorney in fact. On February 20, 2013, John D. Newcomer, Jr. executed a Beneficiary Change Request form that removed Ms. Charnovich, and named himself and Appellant as the beneficiaries of the annuity.

Decedent died testate on July 10, 2013, and on November 6, 2013, Decedent's Last Will and Testament was filed in the Orphans' Court.[1] On November 21, 2013, Ms. Charnovich filed the aforementioned petition, and the Orphans' Court issued a rule directing Appellant to show cause why the $40,000.00 annuity should not be paid to Ms. Charnovich. Appellant responded, and briefs and exhibits were filed. A hearing was held on February 18, 2014. Following the hearing, the Orphans' Court concluded that despite the authority granted to John D. Newcomer, Jr. by virtue of the POA, he had engaged in deception and attempted to commit a fraud by

---

[1] Decedent bequeathed his real property, personal property, household furnishings, equipment, and automobiles to John D. Newcomer, Jr. Decedent's Last Will and Testament, 11/18/05, at 1. Decedent also bequeathed two Prudential annuities, two State Farm annuities, Marathon Oil Stock, a Lincoln annuity, U.S. Steel Stock, and National City Stock to Appellant and John D. Newcomer, Jr. to share and share alike. *Id*. at 2. There were six specific bequests of $5,000.00 each to six grandchildren, and the rest and residue of Decedent's estate was left to Appellant and John D. Newcomer, Jr. to share and share alike. *Id*.

signing his father's name on the Beneficiary Change Request form as opposed to signing his own name as attorney in fact pursuant to the POA. On March 31, 2014, the Orphans' Court, concluding that the Beneficiary Change Request form was a nullity due to John D. Newcomer, Jr.'s misconduct, directed that the annuity be paid to Ms. Charnovich as Decedent had intended. Appellant timely appealed.

On appeal, Appellant raises the following issues for this Court's consideration:

> 1) Whether the beneficiary change form signed by the agent of the deceased was valid to change the beneficiary of the annuity.
>
> 2) Whether the Power of Attorney was disavowed as a source of authority.
>
> 3) Whether the agent of the deceased could have properly changed the beneficiary of the annuity under the powers granted by the Power of Attorney.

Appellant's Brief at 3 (unnumbered pages). Because these issues are inextricably related, we shall address them together.

Our standard of review is well settled:

> The findings of a judge of the Orphans' Court division, sitting without a jury, must be accorded the same weight and effect as the verdict of a jury, and will not be reversed by an appellate court in the absence of an abuse of discretion or a lack of evidentiary support. This rule is particularly applicable to findings of fact which are predicated upon the credibility of the witnesses, whom the judge has had the opportunity to hear and observe, and upon the weight given to their testimony. In reviewing the Orphans' Court's findings, our task is to ensure that the record is free from legal error and to determine if the Orphans' Court's findings are supported by competent and

adequate evidence and are not predicated upon capricious disbelief of competent and credible evidence.

*In re Estate of Bechtel*, 92 A.3d 833, 837 (Pa. Super. 2014) (citations omitted). The fiduciary duties of an agent acting under a POA are set forth, in part, as follows:

> **(e) Fiduciary relationship**.—An agent acting under a power of attorney has a fiduciary relationship with the principal. In the absence of a specific provision to the contrary in the power of attorney, the fiduciary relationship includes the duty to:
>
> > (1) Exercise the powers for the benefit of the principal.
> >
> > (2) Keep separate the assets of the principal from those of an agent.
> >
> > (3) Exercise reasonable caution and prudence.
> >
> > (4) Keep a full and accurate record of all actions, receipts and disbursements on behalf of the principal.

20 Pa.C.S. § 5601(e).[2]

Appellant avers that the Pennsylvania Supreme Court's decision in *In re Estate of Slomski*, 987 A.2d 141 (Pa. 2009), wherein the Court held that a POA permitted the principal's agent the power to change beneficiaries, supports his position that the Orphans' Court erred. Appellant's Brief at 7 (unnumbered pages). While *Slomski* undoubtedly permitted the agent in

---

[2] While this statutory language was operative at all times relevant to this litigation, we note that effective January 1, 2015, 20 Pa.C.S. § 5601 was repealed and this language was integrated into the newly enacted 20 Pa.C.S. § 5601.3.

- 4 -

that case to change the beneficiary on a retirement account,[3] its holding is inapposite here. In *Slomski*, the agent signed the beneficiary change form as the attorney in fact for the principal under a POA. *Id*. at 142. Conversely, in the case at bar, the Orphans' Court held that John D. Newcomer, Jr., did not sign the Beneficiary Change Request form in his own name pursuant to the POA. Rather, he engaged in misconduct and sought to pass-off his signature as that of Decedent's. Thus, John D. Newcomer, Jr. was not acting under authority vested in him by the POA; he had engaged in a subterfuge and the holding in *Slomski* has no bearing on our decision.

The Orphans' Court addressed John D. Newcomer, Jr.'s misconduct as follows:

> In this case, it is clear that John D. Newcomer, Jr. attempted to pass his signature <u>as</u> being the signature of his father—at a time when his father was clearly incompetent to take any such action himself. There was testimony that there was no such intent, but this Court is persuaded otherwise. By signing as "John D. Newcomer" without designating himself as "Jr."—as consistently set forth in the Power of Attorney that gave him the authority to act for his father—and by failing to refer to the Power of Attorney—he disavowed the Power of Attorney as a source of authority.

In addition, 20 Pa.C.S.A. § 5601.2 (e) provides:

---

[3] The Court in *Slomski* determined that the agent could change the beneficiary on a retirement account because the "power to engage in retirement plan transactions" was specifically included in the POA. This power was statutorily defined to include the power to "exercise all powers with respect to retirement plans that the principal could if present," pursuant to 20 Pa.C.S. § 5603(q), and this included the power to change the beneficiary designation on the retirement plan. *Slomski*, at 142-143.

> "Equity.—An agent and the donee of a gift shall be liable as equity and justice may require to the extent that, as determined by the court, a gift made by the agent is <u>inconsistent with</u> prudent estate planning or financial management for the principal or <u>the known</u> or probable <u>intent of the principal with respect to disposition of the estate</u>." (emphasis supplied)[4]

> Finally, John D. Newcomer, Jr. signed an acknowledgment when the Power of Attorney was granted that included, *inter alia*, "I shall exercise the powers for the benefit of the principal;" and "I shall keep the assets of the principal separate from my assets;" and ["]I shall keep a full and accurate record of all actions...." He did not perform any of these acknowledged duties. Instead he tried to cheat his father's paramour of twenty-eight years out of an asset specifically set aside for her, he attempted to convert that asset to an asset of his and his brother's, and he failed to keep accurate records as to who actually signed the Beneficiary Change Request.

> The issue is not what John D. Newcomer, Jr. <u>could</u> *properly* have done, it is whether what he <u>actually</u> did is legally valid. This Court finds that his execution of the beneficiary change form as "John D. Newcomer" under the circumstance[s] presented here is a legal nullity. As a result, the proceeds of the annuity should have been paid out as if the Beneficiary Change Request form was never signed by anyone. Under the facts of this case, this Court finds that the proceeds of the American General Life Insurance annuity should have been paid to Theresa Charnovich, or her heirs and assigns.

Orphans' Court Opinion and Order, 3/31/14, at 2-3 (emphases in original).

Appellant also argues that John D. Newcomer, Jr. does not use "Jr."

when he signs his name. Appellant's Brief at 6 (unnumbered pages). This is

---

4  Similar to the repeal of 20 Pa.C.S.A. § 5601, which is noted above, this statutory language from 20 Pa.C.S.A. § 5602.1 was operative at all times relevant to this litigation, and effective January 1, 2015, 20 Pa.C.S.A. § 5602.1 was repealed and this language was subsumed within 20 Pa.C.S.A. § 5603.

refuted by the record. The Orphans' Court concluded and the record reflects that Appellant's brother routinely signed his name as "John D. Newcomer, Jr." Orphans' Court Statement in Lieu of [a Pa.R.A.P. 1925(a)] Opinion, 8/29/14, at 2. John D. Newcomer, Jr. signed his name in this fashion on both the POA and on the line marked "signature of beneficiary" on the benefits claim form. However, it was only on the line marked "signature of owner" on the Beneficiary Change Request form that he signed as "John D. Newcomer" without using "Jr." and no mention of the POA.

Appellant further claims that John D. Newcomer, Jr. sent a copy of the POA to American General Life Insurance along with the Beneficiary Change Request form. Appellants' Brief at 6 (unnumbered pages). However, there is no evidence that a copy of the POA was sent to American General Life Insurance, and the Orphans' Court found that John D. Newcomer, Jr.'s testimony, on the whole, was not worthy of belief. Orphans' Court Statement in Lieu of [a Pa.R.A.P. 1925(a)] Opinion, 8/29/14, at 2. As noted above, credibility determinations are left to the Orphans' Court. *In re Estate of Bechtel*, 92 A.3d at 837.

We agree with the Orphans' Court's conclusion that John D. Newcomer, Jr. engaged in deception, and we discern no abuse of discretion in the Orphans' Court's conclusions. Through his deception and effort to obtain the proceeds of the annuity, John D. Newcomer, Jr. breached his fiduciary duty to Decedent, and he was not exercising his powers for the benefit of Decedent in violation of former 20 Pa.C.S. § 5601(e). Moreover,

while John D. Newcomer, Jr. may arguably have had the authority pursuant to the POA to change the beneficiary of the annuity, the fact that he engaged in the deception set forth above supports the Orphans' Court's conclusion that the execution of the Beneficiary Change Request form was a nullity. "The fact that [John D. Newcomer, Jr.] could have changed the beneficiary under the power of attorney does not validate his fraudulent action. He should not be rewarded for attempting to commit a fraud." Orphans' Court Statement in Lieu of [a Pa.R.A.P. 1925(a)] Opinion, 8/29/14, at 3-4 (emphasis in original). For these reasons, we affirm.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/10/2015